## GEORGE McCULLOCH v. THE STATE.

*No. 1257.    Decided December 4th, 1895.*

1. **Continuance.**

   An application for continuance should show whether it is a first or second application. A second application is insufficient, which fails to show, that the absent testimony cannot be procured from any other source. A first application for continuance should allege the facts the absent witnesses would swear to, in such explicit terms as that an indictment for perjury could be predicated upon it, and it is insufficient if the facts be stated in general terms.

2. **Theft—Evidence—Declarations of Defendant.**

   Declarations of a defendant, to be admissible in evidence for him in a theft case, must be brought within the rule of res gestæ, or of reasonable explanation of possession of recently stolen property; or as supporting evidence in rebuttal, where defendant's testimony has been attacked by proof of contradictory statements.

3. **Verdict—Affidavits of Jurors.**

   On appeal, the court will not encourage affidavits of jurors, who, by stultifying themselves, seek, by their affidavits, to overturn their verdicts.

APPEAL from the District Court of Coke. Tried below before Hon. J. W. TIMMINS.

This appeal is from a conviction for horse theft, the punishment being assessed at five years' imprisonment in the penitentiary.

No statement necessary.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant in this case was convicted of the theft of a horse, and given five years in the penitentiary. He assigns as error the overruling of his motion for a continuance. The record shows that the indictment was presented in court on the 4th day of November, 1894; that a trial of this case was had at the November term, 1895; so that between the term of court at which the indictment in this case was found, and the trial, there intervened the April term, 1895, of the court. The application for a continuance in this case does not show that it was a first application, and there is nothing in the record to authorize the

court to indulge the presumption that it was a first application.     If it was a first application, this should have been shown.     As a second application it was not sufficient, in that it did not show that the testimony for which the continuance was desired could not be procured from any other source.     This should have been done.     Conceding, however, that this may be treated as a first application, then it fails to comply with the rules of law on the subject, in that the allegations as to what the absent witnesses would swear are of entirely too general a character. The application stated that it was expected to be proved by two lady witnesses that the appellant was at the house of J. G. McCulloch during the entire day and night on which the offense is said to have been committed.     The application in this regard should have shown such facts as an indictment for perjury could be predicated on.     It should have been shown that these witnesses were at said house during the whole of said day and night, and that they had opportunity to see and know the facts expected to be proved by them.     From the record, we gather that the offense charged against appellant was committed on that particular Monday evening or night, and, in order that the testimony of said witnesses should appear on the face of the application to be material, some facts should be stated that would show that said witnesses had opportunity to know that appellant was at the house of said J. G. McCulloch during the whole of said evening and all of that night.     As to the witness Montieth, the allegation is still more general, for it is merely stated, as to him, that he was present with the appellant on the day the offense is said to have been committed.     How long he was present with him does not appear, nor is it stated at what place he was with the appellant,—whether at the house of said McCulloch, or at some other place,—and it was not stated that he would prove anything as to the whereabouts of appellant during that Monday night.     In our opinion, the allegations as to what these absent witnesses would prove are too general.     Appellant offered to prove on his trial, by T. H. Warren and J. G. McCulloch, that in a half hour or an hour after he was seen by two witnesses untying the colt in question, in a thicket, in company with his codefendant, Moore, said appellant told them about his connection with said colt,—that he was merely assisting said Moore to untie and lead it from said thicket at his request, that he did not know it was stolen, and that he had nothing to do with taking it.     This testimony was objected to by the State, and excluded by the court, and appellant reserved his bill of exceptions thereto.     This testimony was not offered, as we understand it, as a part of the res gestæ; and if it had been, it was no part of the res gestæ of the offense charged, or of the act of untying said colt, and so was not admissible.     If the appellant, when he was caught with Moore in the act of untying the colt in the thicket, had then stated to the two witnesses who were present, his connection with the matter, this testimony would have been admissible as a part of the res gestæ of said act, and as an explanation by the appellant when first caught in possession of the colt; but, instead

of making such explanation, he ran away. If the State in this case had offered testimony of statements made by appellant contradictory to his testimony delivered on the trial, this evidence might have been admissible for the purpose of corroborating him, as showing that he had previously made statements similar to his testimony on the trial; but there is no statement in the record showing that the State introduced such contradictory testimony, and so this evidence was not admissible under this rule. The appellant also insists in this case that the court should have given him a new trial, because certain jurors did not understand the charge in the case; and the appellant has appended to his application the affidavits of two jurors to the effect that they did not understand what the court meant by its charge that the appellant would have to be present and participate in the act of taking the animal originally, in order to convict him. The charge of the court in this regard pertinently told the jury that they must believe beyond a reasonable doubt that appellant, either by himself, or in company with his codefendant, John Moore, took said animal from the possession of its owner, before they should convict him. The court further charged the jury, that if appellant was not present at the time of the taking, or if they had a reasonable doubt whether at said time he was at another and different place than the place of taking, to give the appellant the benefit of such reasonable doubt, and acquit him. It occurs to us that these charges were clear and explicit, and upon the very point about which the jurors undertake to say they did not understand the charge of the court. If they did not understand this, they were not capable of understanding the meaning of terms expressed in common-sense English, and should not have been permitted to sit upon the jury at all, in the first instance. This court will not encourage the affidavits of jurors who, by stultifying themselves, seek by their affidavits to overturn their verdicts. This practice is getting entirely too common, and the lower courts should take occasion to correct it. The judgment is affirmed.

*Affirmed.*