## ELEXANDRO SALAZAR v. THE STATE.

### No. 4445. Decided February 17, 1909.

**1.—Rape—Continuance.**

Where the absent witnesses came into court and were tendered defendant during his trial for rape, and he refused to use them, there was no error in the court's refusal to grant the application for continuance.

**2.—Same—Evidence—Physical Appearance of Prosecutrix—Bill of Exceptions.**

Where upon appeal from a conviction of rape the bill of exceptions did not set out why the question propounded to witness was not proper, the same could not be considered; besides, where the prosecutrix was subjected to a severe cross-examination with reference to her conduct during the day after the alleged rape, the question of her physical appearance at that time, while remote, was not of sufficient importance, as presented, to require reversal.

**3.—Same—Evidence—Contradicting Witness.**

Upon trial for rape there was no error in permitting the prosecutrix to state her reasons why she did not go to her husband and inform him of the offense.

**4.—Same—Evidence—Clothing.**

Upon trial for rape there was no error in admitting in evidence a saque worn by the prosecutrix at the time of the alleged rape, for the purpose of corroborating her statement as to the resistance she made, and that the same was torn in her struggle.

**5.—Same—Charge of Court—Definition of Offense.**

Upon trial for rape by force, threats and fraud, where the court in applying the law to the facts limited the jury to the consideration of rape by force, there was no reversible error in the court's general definition of rape; although it is better practice to limit the definition to the issue on trial.

**6.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for rape the court in his charge assumed no fact nor directed the jury to any particular fact, but instructed the jury that they could take into consideration all the facts, the manner and condition of the prosecutrix at the time of and just after the carnal intercourse, if any, and all the other facts and circumstances, the same was not on the weight of the evidence.

**7.—Same—Charge of Court—Special Charges Refused—Consent.**

Where upon trial for rape the court refused special instructions which singled out particular facts, but embodied all the facts in his general charge, directing the attention of the jury to them, and that they should consider all the facts and circumstances occurring at the time of the alleged rape and subsequently thereto as bearing on the question of consent, there was no error.

**8.—Same—Charge of Court—Force—Resistance.**

Where upon trial for rape the court in his charge sufficiently submitted the criterion of force as required by the statute, and the jury could not have possibly misunderstood the degree of force necessary to overcome resistance, there was no error in the court's refusal of special charges on the same subject.

**9.—Same—Misconduct of Jury—Former Conviction.**

Where the defendant, upon the question of the misconduct of the jury, accepted the bill of exceptions with the court's statement as to why some of the jurors could not be found and brought back to be interrogated as to certain statements and allusions to a former conviction made in the jury room, he will not be heard to complain; besides where such statements were a bare allusion to a former conviction, and it was not shown that defendant was injured

thereby, there was no error. Following Smith v. State, 52 Texas Crim. Rep., 344.

**10.—Same—Sufficiency of the Evidence.**

Where upon trial for rape the issue of force and want of consent was one of fact, the conviction will not be disturbed.

Appeal from the District Court of Goliad. Tried below before the Hon. James C. Wilson.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Patton & Patton* and *Fowler & Fowler,* for appellant.—On question of physical appearance of proxecutrix: Cowles v. State, 51 Texas Crim. Rep., 499; 19 Texas Ct. Rep., 202; Brownlee v. State, 13 Texas Crim. Rep., 408; 13 Texas Ct. Rep., 621; Kearse v. State, 88 S. W. Rep., 363. Upon question as to why proxecutrix did not inform her husband: Truelove v. State, 44 Texas Crim. Rep., 386; 66 Texas Ct. Rep., 479; McClure v. State, 53 S. W. Rep., 111; Simpson v. State, 48 Texas Crim. Rep., 328; 13 Texas Ct. Rep., 499; Cooper v. State, 48 Texas Crim. Rep., 608; 89 S. W. Rep., 816. On question of charge of court on general definition of offense: Serio v. State, 22 Texas Crim. App., 633; Miller v. State, 28 Texas Crim. App., 445; Mooney v. State, 29 Texas Crim. App., 257; Jenkins v. State, 34 Texas Crim. Rep., 201. On question of charge on weight of evidence: Kennon v. State, 42 S. W. Rep., 377; Daggett v. State, 39 Texas Crim. Rep., 5. On question of misconduct of jury: Lax v. State, 46 Texas Crim. Rep., 628; 9 Texas Ct. Rep., 904; Kannmacher v. State, 51 Texas Crim. Rep., 118; 19 Texas Ct. Rep., 83; Casey v. State, 51 Texas Crim. Rep., 433; 19 Texas Ct. Rep., 351.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of physical appearance of proxecutrix: Kearse. v. State, 88 S. W. Rep., 363; Caudle v. State, 34 Texas Crim. Rep., 26; Price v. State, 35 Texas Crim. Rep., 501; Powers v. State, 23 Texas Crim. App., 42; Miller v. State, 18 Texas Crim. App., 232. On question of prosecutrix failure to inform her husband: Warren v. State, 114 S. W. Rep., 380.

DAVIDSON, PRESIDING JUDGE.—Appellant's conviction was for rape, resulting in his· punishment being assessed at ten years confinement in the penitentiary.

Bill of exceptions No. 1, reserved to the action of the court refusing to continue the case will not be revised for the reason that the absent witnesses came into court and were tendered appellant during the trial. He refused or failed to place them on the witness stand.

Bill No. 2 recites that the district attorney was permitted to ask the witness Juaneta de Duque what was the appearance of the prosecutrix when witness saw her in the afternoon about 5 o'clock, whether she looked happy or sad, the said offense being alleged and the prosecutrix testifying same occurred about 10 o'clock in the morning of that day. Appellant objected because the testimony was irrelevant, immaterial, incompetent and highly prejudicial to the rights of defendant and was not part of the res gestae; was a conclusion of the witness, entirely too remote in that too long a time had elapsed from the time of the alleged assault until prosecutrix was seen by witness, and that prosecutrix had ample time to assume any condition or appearance desired, she being a mature married woman eighteen or nineteen years of age. The court overruled these objections and permitted the witness to state that the prosecutrix, Guadalupe de Duque was not crying at that time, but she looked as if she had been crying and appeard to be sad. We are of opinion, conceding the testimony was remote, and if erroneously admitted, that, under the circumstances of this case, it was not of sufficient importance to require a reversal of the judgment. The prosecutrix was subjected to a very rigid cross-examination and many questions were asked in regard to her conduct during the day after the alleged rape and prior to the hour of the day inquired about through the witness Juaneta. The bill is so meager, as presented, as not to show the real facts in this connection, in which this qustion was permitted to go to the jury. Appellant has asked many questions in regard to her conduct, etc., during the hours of the day intervening between the time of the alleged rape and the time spoken of by the witness. The bill, as presented, does not show sufficient réason, even if the question was not proper, why the judgment for this reason alone should be reversed.

The next bill of exceptions recites that while the prosecutrix was on the stand as a witness for the State, she was asked why it was she did not go out in the field and inform her husband of the fact that she had been assaulted, she having previously testified that she had been assaulted about 10 o'clock in the morning, and that she had not informed her husband of the fact that she had been assaulted until about dark of the same day, and after his return home from the field, and that she did not go out in the field to so inform her husband, her husband being at work in the field about three-quarters of a mile from the scene of the alleged assault. Appellant urged many objections to this testimony which were overruled by the court, with the following qualification and statement: "That this testimony was permitted in explanation why she had not gone to her husband in the field in answer to examination by defendant's counsel to the effect that she had not given the alarm or informed her husband sooner," her answer to the question to which exception was reserved, being that her husband told her not

to come out in the field by herself. This evidence was clearly admissible in the condition in which the bill of exceptions presents the matter.

Another bill of exceptions is reserved to the action of the court permitting introducing in evidence a saque worn by the prosecuting witness at the time of the alleged rape. There is testimony of several witnesses tracing and identifying the saque as that worn by prosecutrix. She stated in her direct examination that the saque was torn in her struggle resisting appellant's attack. The saque was introduced for the purpose of corroborating her statement as to the struggle. We are of opinion that this testimony was admissible. Whenever the condition or appearance of clothing worn by the party assaulted becomes material to illustrate any fact in the case, it is proper to introduce such clothing before the jury.

The court gave the general definition of rape, as follows: "Rape is the carnal knowledge of a woman without her consent, obtained by force, threats or fraud." Exception is reserved to this definition given by the court, but when the law was applied directly to the case, the court limited the jury in their consideration of rape, to force alone. It was unnecessary for the court to have given the general definition, or even stating it further than evidenced by the facts. We have frequently suggested that only those portions of the definition of an offense should be contained in a charge which apply directly to the issue on trial; yet, in this case, when the court applied the law to the facts, he limited their consideration to a rape by force. We are not aware of any case where this court has reversed a judgment under these circumstances, nor do we think it is of sufficient importance here to require a reversal.

The court gave the following charge: "If you believe that the defendant had carnal knowledge of the said Guadalupe de Duque, at the time and place charged, with her consent, or that she yielded to such carnal knowledge, if any, without sufficient resistance thereof, as hereinbefore defined and explained, or if from all the facts and circumstances in evidence before you, you have a reasonable doubt thereof, you will acquit the defendant. And you are instructed that in determining these issues you will take into consideration the acts, manner and condition of the said Guadalupe de Duque at the time and just after said carnal knowledge, if any, and all the other facts and circumstances in evidence before you in this case." It is urged that this charge is on the weight of the evidence and singles out certain facts and calls the jury's attention to them specially to the detriment of appellant before the jury. We do not concur in this view. The court assumed no fact, nor directed the jury to any particular fact, but instructed them that they could take into consideration all the facts, manner and condition of the prosecutrix at the time of and just after said carnal knowledge, if any, and all

the other facts and circumstances in evidence. We are of opinion that this is not a charge on the weight of the evidence.

Appellant in several special instructions, requested the court to charge the jury in regard to the facts and circumstances attending the assault, directing their attention specially to these facts, specifying them in the charge. For instance, in special charge No. 2, he requested the court to instruct the jury that if they should believe that the prosecutrix saw and talked to her husband for a half hour or more, at the house of the mother-in-law of said prosecutrix, in the afternoon of the day the offense is alleged to have been committed, and then went with her husband from said house to the house of prosecutrix, a distance of over two hundred steps, and that prosecutrix did not during that time inform her husband of such offense, they should take such circumstance into consideration, with the other evidence, in determining the guilt or innocence of the defendant and whether a rape had been committed or not. In special instruction No. 3, the court was requested to instruct the jury that, if they should believe that at the time the offense is charged to have been committed, that the husband of prosecutrix was at work in a field less than a mile distant from the place where the alleged offense was committed, and that said offense was committed about 10 o'clock in the morning of the same day the crime was alleged to have been committed, and that prosecutrix failed to communicate the same to her husband until about dark on said day, then they should take that fact into consideration together with the other evidence in the case in determining the guilt or innocence of the defendant. In special charge No. 4, requested by appellant, he asked the court to instruct the jury that, if they should believe from the evidence that defendant had carnal knowledge of prosecutrix and that prosecutrix could have informed her husband within a reasonable length of time after said act of intercourse, but that she did not do so, then the jury should take this circumstance into consideration with the other evidence, in determining the guilt or innocence of the defendant, or whether, in fact, a rape was committed or not. So in charge No. 5, requested by appellant, the court was requested to instruct the jury that if they should believe from the evidence, that at the time the offense is alleged to have been committed, the prosecuting witness made no outcry, and did not as soon as opportunity offered, complain of the offense to others, but failed to do so for a considerable time thereafter, then they should take this circumstance into consideration, with all the other evidence, etc. In special charge No. 6 the court was requested to further instruct the jury that if they should find that defendant had carnal knowledge of the prosecutrix and that at the time, appellant did not by any act or deed threaten, or in any manner intimidate or scare prosecutrix, then they should take that fact into consideration. The court was further asked to instruct

the jury that if they believed appellant did have carnal knowledge of prosecutrix, but further believed that he did not injure, bruise, scratch, scar or maim the said prosecutrix in any manner, then they should take such facts into consideration with the other evidence, in determining whether or not the appellant did in fact rape the prosecutrix by force, or whether or not said prosecutrix agreed to said act of intercourse. We think it hardly debatable, under this condition of the record, that error is not shown. It is true that the court refused the special instruction requested, but it is the fact that he embodied them all in the charge given in a general way without singling out any particular fact, directing the attention of the jury to the fact that they could and should consider all the facts and circumstances occurring at the time of the alleged rape and subsequently as bearing upon the question vel non of appellant having assaulted prosecutrix.

Appellant requested a charge to the effect that though they might believe beyond a reasonable doubt from the evidence that appellant had carnal knowledge of prosecutrix, yet, they would not be warranted in convicting him unless they found beyond a reasonable doubt that prosecutrix made every exertion in her power under the circumstances to prevent the act, and if the jury should not so believe, they should return a verdict of not guilty. And a further charge was asked in this connection, that if the jury should find that appellant had carnal knowledge of prosecutrix, but if she failed to use every means at her command and within her power to prevent such carnal knowledge, that appellant should be acquitted. And further, in another requested instruction, the court was requested to instruct the jury that before they should be authorized to convict appellant of rape by force, they must believe beyond a reasonable doubt that prosecutrix used all the resistance which she was capable of exerting to repel the advance of defendant and if they have a reasonable doubt as to whether she did resist to her utmost, then appellant should be acquitted. In this connection the court instructed the jury in subdivision 3 of his charge in regard to necessary force and resistance, as follows: That they must further believe beyond a ˙reasonable doubt, the force used by defendant, if any, was such as might reasonably be supposed sufficient to overcome all resistance of the prosecutrix, within her power, and that she actually resisted such carnal knowledge of her person by the defendant, if any, to the utmost of her strength; and that they must further believe from the evidence beyond a reasonable doubt, that she was overcome by superior force by the defendant, and in determining this issue they must take into consideration the relative strength of the parties, and all other circumstances of the case. We are of opinion that the charge as given was sufficient, and there was no error in refusing appellant's requested instructions. The criterion of force required by the statute was suffi-

ciently given and the jury could not have possibly misunderstood the quantum of force necessary to be used by appellant in order to consummate the crime or quantum of resistance by prosecutrix.

Appellant, among other things, urged as a ground of the motion for a new trial the misconduct of the jury in that they discussed a previous conviction of appellant. The bill of exceptions recites that after Perkins and Shaper, who were members of the jury, had testified to the fact that the prior conviction of appellant had been mentioned in the jury room, and after Shaper had testified that he did not know exactly at what time said fact was mentioned, but that he believed it was before the jury reached a verdict, appellant stated under oath that he had reason to believe that said jury discussed his former conviction and that was the reason that he was convicted in this case; and the further reason that he was given the same penalty on this as in the former trial. Whereupon, the defendant asked the court at 3:17 o'clock p. m., to issue an attachment for the remaining jurors, Bluntser, Martin, Lockhart and Chance who had not testified before the court on the motion for new trial with reference to the alleged misconduct of the jury. The court, after hearing the motion, refused to grant it and appellant excepted. This bill is qualified by the court as follows: That the fall term of the court for Goliad County, Texas, expired at midnight on said 10th day of October, 1908, on which day the motion of defendant for a new trial was filed and presented about 3:15 p. m., and the jurors having been discharged sometime during the forenoon, and the jurors above named had left the town of Goliad for their respective homes some hours before, and they resided some distance from Goliad in the country, in the opinion of the court they could not have been found and brought back to testify before the adjournment of the term in respect to said matters of said motion. As this bill presents the matter, there was no error on the part of the court in refusing to send for these jurors. If appellant desired to show that the court was in error in regard to these statements, it should have been made to appear in some proper form in the bill, but having accepted the bill with the court's statement as to the fact that they could not be found and brought back, he will not be heard to complain. The ground of the motion with reference to the misconduct of the jury is filed by appellant and sworn to by him alone. The agreed statement of facts shows that six of the jurors did not hear any one mention the fact that defendant had been previously convicted; that the jurors Bluntzer, Martin, Lockhart and Chance, were not in attendance on the trial of defendant's motion for new trial; that Jasper Shaper testified that he was one of the jurors who tried the case and the fact that defendant had been tried and convicted previously of rape on the same indictment was mentioned in the jury room during the deliberations of the jury, but he did not hear it discussed,

nor did he know exactly when such fact was mentioned or who mentioned it, but that he thinks it was mentioned before the jury arrived at their verdict. That he did not consider the former conviction in arriving at his verdict, nor did it have any influence upon him, nor does he know whether the other jurors did or not; nor does he know who was present at the time said fact was mentioned. That he was the foreman of the jury in the trial of the case and when the former conviction was mentioned he at once directed the jury not to bring that up, and he heard no further mention of it; that he only "heard bare mention of the fact of the former conviction." Elmer Perkins, the other juror who testified in regard to the alleged misconduct of the jury, testified that the fact that appellant had been previously convicted was mentioned in the jury room during the deliberations of the jury; that he does not know exactly at what time this fact was mentioned or who mentioned it; that he did not consider this fact in arriving at his verdict in the case; and that the mention of it had no influence upon him in arriving at his verdict. It is further shown that a subpoena had been issued in the cause at the request of appellant for the entire jury before whom he was tried and four of the jurors, to wit: Bluntzer, Martin, Lockhart and Chance were not served at the time of the trial of said motion; that the jury received the case about 6 o'clock in the afternoon of October 9, 1908, and returned a verdict a little after 10 o'clock on the day following; that appellant presented his motion for new trial at 3 o'clock p. m., October 10, and at 3:17 o'clock p. m. requested the court to issue attachment for the jurors not in attendance upon the trial of his motion. Without entering into a discussion of this question, we will observe that under the recent cases of Smith v. State, 52 Texas Crim. Rep., 344, and Arnwine v. State, 54 Texas Crim. Rep., 796, there is no error manifested of such importance as to reverse the judgment.

It is further contended that the evidence is not sufficient. We deem it unnecessary to review the facts in detail or even in bulk. The State's case, made by the prosecutrix, is sufficiently cogent to justify the verdict of the jury. Appellant's theory of the case is that the intercourse was had by mutual consent and at the invitation, really, of the prosecutrix. It was an issue on the conflict of the evidence sufficiently cogent for the State, to justify the verdict, and certainly so for the defendant to authorize an acquittal. The jury saw proper to credit the State's evidence and discredit the testimony for appellant. This court will not be justified, under the facts of this case, in setting aside the conclusion of the jury.

The judgment, therefore, is affirmed.

*Affirmed.*

[Rehearing denied, March 17, 1909.—Reporter.]