## IRA W. McDOUGAL v. THE STATE.

### No. 4961.   Decided January 22, 1919.

**1.—Murder—Self-defense—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder, the State's evidence showed that after a wordy altercation between the parties, and after defendant had used insulting language towards the deceased, the defendant walked rapidly to his wagon, which was nearby, got his gun and pointed it at deceased, had made former threats to kill deceased, etc., this justified the conclusion by the jury that defendant's intent in bringing about the claimed assault by the deceased was to produce the occasion to kill him, and the court properly charged on the law of provoking the difficulty.

**2.—Same—Burden of Proof—Charge of Court—Provoking the Difficulty.**

Where, upon appeal from a conviction of murder, appellant complained of a certain paragraph of the court's charge as shifting the burden of proof, yet when this paragraph is considered in connection with the other portion of the charge mentioned, and viewed in the light of the evidence which justified the jury in concluding that appellant had determined to kill deceased and threatened to do so a few moments before he fired the fatal shot, and provided himself with a deadly weapon which he used with fatal effect when deceased attacked him, or started to do so, the jury was not misled on the court's charge on the law of provoking the difficulty.

**3.—Same—Abandonment of Difficulty—Charge of Court.**

Where, upon trial of murder, the defendant complained of the failure of the court to charge on the law of abandonment of the difficulty, but the record on appeal showed that the court submitted this issue in defendant's requested charge, there was no reversible error.

**4.—Same—Malice Aforethought—Charge of Court—Definition of Malice.**

Where, upon trial of murder, defendant objected to the court's charge on malice aforethought upon the ground that the court erred in failing to define the terms, "will in law justify, excuse or extenuate the homicide," and, "without just cause or excuse," but the record showed that the court's charge was in approved form, and the jury were not without instructions as to what facts, if found true, would in law justify, excuse or extenuate the homicide, there was no reversible error. Following Davis v. State, 204 S. W. Rep., 652, and other cases. Distinguishing Swain v. State, 86 S. W. Rep., 335.

**5.—Same—Presumption—Acts of Deceased—Charge of Court—Deadly Weapon.**

Where, upon trial of murder, the defendant complained of the court's charge that when a homicide takes place to prevent the infliction of death or some serious bodily injury, if the weapon or means used by deceased, etc., was such as would have calculated to produce death, etc. (provided deceased used any such weapon or means), the law presumes that he designed to inflict death, etc., because of words in parenthesis indicated to the jury that the deceased was not using a weapon, and also contended in a requested charge to use the term deadly weapon, etc. Held, that under the evidence in the instant case, there was no reversible error.

**6.—Same—Charge of Court—Self-defense—Words Used by Deceased.**

Where the view advanced by appellant that his rights were invaded by a certain paragraph of the court's charge, in that it withdrew from the jury in passing upon self-defense the words used by the deceased and confined appellant's right to his interpretation of acts of deceased, was not sustained by the record, when read in connection with the remainder of the court's charge on self-defense, there was no reversible error.

**7.—Same—Requested Charge—Character of Deceased—Singling Out Testimony.**

Where, upon trial of murder, the evidence showed that the defendant was a younger and stronger man than the deceased and was armed with a shotgun, and the court instructed the jury both on self-defense and manslaughter and told them to consider all the facts and circumstances from the defendant's standpoint, there was no error in refusing the requested instruction to the effect that the evidence of the character of deceased might be considered by them; such a charge would have been objectionable in singling out testimony. Following Salazar v. State, 55 Texas Crim. Rep., 307, 116 S. W. Rep., 819, and other cases.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.—On question of provoking difficulty: Johnson v. State, 67 Texas Crim. Rep., 441, 149 S. W. Rep., 165; Morgan v. State, 29 S. W. Rep., 1092; McCandless v. State, 57 id., 672; Grayson v. State, 57 id., 808.

On question of means used by deceased: Cooper v. State, 85 S. W. Rep., 1059; Hudson v. State, 59 Texas Crim. Rep., 650, 129 S. W. Rep., 1125; Johnson v. State, supra.

On question of character of deceased: Spangler v. State, 61 S. W.

Rep., 314; Messer v. State, 63 id., 643; Corneilus v. State, 54 Texas Crim. Rep., 173, 112 S. W. Rep., 1050.

*E. A. Berry,* Assistant Attorney General, and *Jas. M. Edward,* for the State.—On question of court's charge on character of deceased: Gillespie v. State, 73 Texas Crim. Rep., 585, 166 S. W. Rep., 135, and cases cited in the opinion.

MORROW, JUDGE.—Appellant is under sentence of twelve years confinement in the penitentiary for the offense of murder.

He shot James E. Vickery with a shotgun and killed him, and claims to have acted in his own self-defense. The evidence relied upon to support this defense comes mainly from the appellant and his wife. Deceased was a merchant at Lindale, and brought an attachment suit against appellant on a small account, and on the day of the homicide an officer went to the home of appellant, some distance in the country, and levied the writ of attachment upon a horse which appellant claimed belonged to his son. There is evidence that appellant was angered and uttered a threat to kill deceased. He replevied the property, however, and he and his wife and son went to Lindale, the son going horseback, and appellant and his wife in a wagon, which was stopped at a point about one hundred feet from the store of deceased. Appellant claims to have met deceased, and to have remonstrated with him about bringing the suit, when deceased drew a knife on him, whereupon appellant told him that he would dispute the amount of the account, and that he would come to his store and make a settlement, and that he went to his store for that purpose when deceased cursed him and refused to show his books, and that deceased had a knife and said he would get his gun and kill him; that appellant then went and got in his wagon, took hold of the lines, when deceased persisted in cursing him, calling him a s—of—a—b, and threatened him. That he then took his gun and went to a point near deceased's gallery, when deceased started in his store, stating that he would get his gun and kill him, upon which appellant raised his gun and ordered the deceased not to go in the store, when deceased turned around and said he would cut his throat with his knife, starting off the gallery toward appellant with his knife waving in his hand, when appellant fired. There is testimony by State's witnesses that appellant, after reaching Lindale, went to the office of a lawyer and discussed the controversy about the suit and the horse levied upon, and that in the conversation he told the lawyer he was going to kill the damned old son-of-a-bitch, referring to deceased. This occurred, according to some of the testimony, about five minutes before the shot was fired. Other State witnesses testified that the appellant, in passing deceased's store while deceased was sitting on the gallery in a chair, entered into a wordy altercation with him in which the appellant called the deceased a son-of-a-bitch, cursed him, told him he could whip him, asked him to get off the gallery; that deceased declined, but

rose to his feet and was standing on the gallery gesticulating when appellant walked or trotted to his wagon, got his gun, his wife and son importuning him not to shoot deceased, returned to a point near the gallery, raised the gun to a shooting position, lowered it, raised it again and fired.

The appellant claimed, and introduced evidence to the effect, that deceased was a dangerous man. On the two former appeals, 79 Texas Crim. Rep., 254, and 81 Texas Crim. Rep., 179, this court held that the trial court, under the facts, was justified in qualifying appellant's right of self-defense by a charge on the law of provoking the difficulty. The correctness of this view is again challenged on this appeal. If the deceased made an assault upon the appellant, or was about to do so, as claimed by him, it was immediately after the controversy between them in which, according to the State's witnesses, appellant, after using the insulting language toward the deceased, walked rapidly or trotted to his wagon, which was near by, pointed his gun at deceased, and lowered it. It can hardly be said that this conduct upon the part of appellant was not reasonably calculated to bring about a difficulty, especially when directed to a man whom the appellant describes as violent and dangerous. Appellant claims that it was followed by the assault with a knife, and that upon this assault he fired. The occasion for the homicide did follow the conduct described by the State's witnesses upon the part of the appellant, and there was evidence, we think, justifying the conclusion by the jury that appellant's intent in bringing about the assault by the deceased was to produce the occasion to kill him. He had, according to the evidence, expressed malice towards him, and threatened to kill him. He explains his presence in town and his possession of the gun upon other grounds, but the jury was in possession of the facts, and entitled to draw therefrom legitimate inferences in favor of the State's theory.

The following part of the sixteenth paragraph of the charge of the court is complained of by appellant as shifting the burden of proof:

"If, however, you find from the evidence beyond a reasonable doubt that on the occasion of the homicide the defendant, by words or acts intended by him and reasonably calculated to provoke a difficulty with the deceased, did provoke the deceased to assault him or to do some act evidencing an immediate intention to assault him with a knife, and in a difficulty thus brought about, if it was, the defendant shot and killed deceased with a gun, and if you further find from the evidence that the defendant, when he provoked the deceased in such manner, if he did, did not intend then or thereby to kill the deceased or to inflict upon him serious bodily injury in the contest or difficulty thus provoked, if you find it was," etc.

This paragraph must, under well settled rules, be construed in connection with other paragraphs of the charge upon the same subject. Among these we find the following special charge No. 18 given at the request of appellant:

"You are charged, at defendant's request, that although you may find that before the defendant met J. E. Vickery on the morning of the homicide he intended to have a difficulty with him or intended to kill him, yet unless you find that at the time of the homicide he by some act or word intended by him and which was reasonably calculated to provoke a contest or difficulty with deceased, and did provoke the deceased to assault him or to do some act evidencing an immediate intention to assault him with the knife introduced in evidence, then his right of self-defense would not in any manner be abridged, and you will acquit, provided you find that defendant was justifiable under the law of self-defense as given you in other instructions."

The specific criticism advances the theory that the portion of the charge quoted is susceptible of the construction that it shifts to the appellant the burden of proving that his intent in provoking the difficulty was to inflict upon the deceased some lower degree of injury than death or serious bodily harm. We quote the seventeenth paragraph of the charge as follows:

"If you find from the evidence that the defendant did not, on the occasion in question, employ words or conduct reasonably calculated to provoke a difficulty with deceased, or if you have a reasonable doubt as to whether he did so, or if you find that defendant, on said occasion, did employ such words or conduct toward the deceased, but if you find that he did not intend thereby to provoke deceased into a difficulty, or if you have a reasonable doubt as to whether defendant did so, then, in either event, the defendant's right of self-defense, if any, would not be abridged or cut off; and if you find the defendant in killing deceased acted in his self-defense, under the law of justifiable homicide hereinbefore given you in charge, or if you have a reasonable doubt as to whether he did so, you will acquit the defendant."

In the ninth paragraph of the charge relating to murder the court used the following language: "If you are further satisfied from the evidence beyond a reasonable doubt that such killing was not manslaughter under the law of manslaughter given you in this charge, it will be your duty to find the defendant guilty of murder."

In the fifteenth paragraph of the charge the jury was told, in substance, that if the appellant provoked the contest with no purpose to kill the deceased, or inflict upon him serious bodily injury, and thereby brought about the necessity of killing him to save his own life, or prevent serious bodily injury, that while he would not be justified, he would not be guilty of murder but of manslaughter only.

The part of the sixteenth paragraph not quoted above is as follows: "If you find from the evidence beyond a reasonable doubt that on the occasion of the homicide the defendant, by words or acts intended by him and reasonably calculated to provoke a difficulty with the deceased, did provoke the deceased to assault him or to do some act evidencing an immediate intention to assault him with a knife, and if you further find from the evidence beyond a reasonable doubt that in a difficulty

thus brought about, if it was, the defendant shot and killed deceased with a gun, and if you further find from the evidence beyond a reasonable doubt that defendant when he provoked deceased in such manner, if he did, then and thereby intended to provoke deceased to assault him or to do some act evidencing an immediate intention to assault him, and also that the defendant then further intended to kill deceased or to inflict upon him some serious bodily injury in the difficulty thus provoked, if you find it was, then the defendant, if he killed deceased under these circumstances, can not claim that he acted in his self-defense, but would be guilty of murder, if such killing was upon his malice aforethought as hereinbefore explained."

While the part of the charge assailed might well have been framed in different language, we think, considered in connection with the other portions of the charge mentioned, and viewed in the light of the evidence from which the jury was justified in concluding that appellant had determined to kill deceased, expressed his intention to do so a few moments before the fatal shot was fired, had provided himself with a weapon of deadly character which he used with fatal effect when deceased attacked him with his knife, or started to do so, the jury was not misled thereby to the injury of appellant.

Appellant's complaint of the failure of the court to charge on the law of abandonment of the difficulty can not be sustained in view of the twenty-third special charge given at the request of appellant, which is as follows:

"You are, at the request of the defendant, charged that although you may find beyond a reasonable doubt that defendant did provoke deceased into making a demonstration toward him with a knife, yet, if you find, or have a reasonable doubt, that thereafter he, defendant, went to his wagon with the intention of abandoning such altercation, if any, and got up in same and started to drive off, then if you find or have a reasonable doubt that deceased continued to curse, abuse and threaten defendant, then, if thereafter defendant got out of his wagon and armed himself and shot and killed deceased to prevent deceased killing him or inflicting some serious bodily harm on him, you will acquit the defendant, provided the killing took place while deceased was in the act of killing defendant or of inflicting on him some bodily injury, or after some act done by the deceased showing evidently an intention to kill defendant, or to inflict on him some serious bodily harm, viewing the facts and circumstances from defendant's standpoint."

The court gave the following charge on malice aforethought: "Malice aforethought, which is absolutely essential to constitute the offense of murder, includes all those states of the mind under which the killing of a person takes place without any cause which will in law justify, excuse or extenuate the homicide. It is the doing of a wrongful act intentionally, without just cause or excuse; it is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words

spoken." It is assailed upon the ground that the court erred in failing to define the terms "will in law justify, excuse or extenuate the homicide," and "without just cause or excuse." The charge, in terms, has heretofore been approved. Davis v. State, 204 S. W. Rep., 652; Self v. State, 28 Texas Crim. App., 398; Honeycutt v. State, 63 S. W. Rep., 639; Logan v. State, 53 S. W. Rep., 694; Gallagher v. State, 28 Texas Crim. App., 247; Tooney v. State, 5 Texas Crim. App., 163; Branch's Ann. P. C., sec. 2064. The case of Swain v. State, 86 S. W. Rep., 335, is referred to as supporting appellant's contention. The court there erroneously failed to charge the jury on the law of manslaughter. Here the court charged on the law of manslaughter and self-defense. As we understand the decisions the terms "justify, excuse or extenuate" mean such as do so in law. Under the facts of this case the evidence which if found true by the jury would extenuate was that which related to manslaughter, which is "a mitigation of murder." Honeycutt v. State, 63 S. W. Rep., 639. Self-defense is a justification or excuse for homicide. One who kills in self-defense "has just cause." The jury in passing upon appellant's case was not without instructions from the court as to what facts if found true would in law justify, excuse or extenuate the homicide. The charge on defensive theories fully advised the jury what in law would be just cause.

At the time the shot was fired appellant claims that the deceased was in the act of starting off the gallery with a threat to cut his throat on his lips and with an open knife in his hand. Appellant's wife said that at the time the shot was fired the deceased was close to appellant and was coming on him with his knife, "was coming right on him." The court in the fourteenth paragraph of his charge used the following language: "When a homicide takes place to prevent the infliction of death or some serious bodily injury, if the weapon or means used by deceased on the occasion of the homicide was such as would have been calculated to produce death or some serious bodily injury (provided deceased used any such weapon or means), the law presumes that he designed to inflict death or serious bodily injury with the same." Complaint is made of the words in parenthesis as indicating to the jury that in the opinion of the court the deceased was not using a weapon. Appellant also requested special charges, in one of which requesting the court to use the term "deadly weapon" in a charge embodying the language of article 1106, which is substantially given in the fourteenth paragraph of the charge quoted, and another asking that the jury be told that if deceased had an open knife in his hand and was making a demonstration at the time the shot was fired, that this would be using it within the meaning of the charge. The State controverted the fact that the deceased had a knife in his hand, and we think there was no reversible error in the court putting into paragraph fourteen the words in parenthesis, the effect of which was to leave to the determination of the jury the question of fact as to whether the deceased had a knife in his hand; nor do we think there was error in failing to explain to the jury what

was meant by using the knife. If they believed the evidence to the effect that deceased had the knife in his hand as described by the only witnesses who testified to that fact, they could not have failed to understand the correct application of the charge quoted to these facts. There was no specific testimony that the knife which deceased had was a deadly weapon. Its size and length were described, and the paragraph of the court's charge mentioned was, we think, a correct application of the law so far as relates to the criticism of the court's failure to use the term "deadly weapon."

The view advanced by appellant that his rights were invaded by the eleventh paragraph of his charge in that it withdrew from the jury, in passing upon self-defense, the words used by the deceased, and confined appellant's right to his interpretation of the acts of deceased, is not, we think, sustained by the record when the part of the charge complained of is read in connection with the remainder of the charge on self-defense and the special charges upon the subject given at appellant's request. The assignment complained of the following language: "If the deceased made an unlawful attack upon the defendant, or did any act or made any demonstration which produced in the mind of the defendant, viewing all the facts and circumstances from his standpoint, a reasonable expectation or fear of death or some serious bodily injury." In the twelfth paragraph is found the following: "Provided the killing took place after some act done by the deceased showing evidently an intent to kill defendant or inflict on him some serious bodily injury, or provided it reasonably appeared to the defendant, at the time of the killing, from the acts of the deceased, or from his words coupled with his acts, that it was then the purpose and intent of deceased to kill defendant or to inflict on him some serious bodily injury." The second special charge given at request of appellant is as follows:

"You are, at the request of defendant, charged that if you find that defendant and deceased had a wordy altercation when defendant returned from the depot and that thereafter defendant went to his wagon intending to leave, and that deceased thereupon cursed and abused defendant and threatened to kill him, then defendant had the right to arm himself, and if he thereafter killed deceased in his self-defense under the law of self-defense given to you in the main charge of the court, or if you have a reasonable doubt thereof you will acquit." And in the twenty-fourth special charge the court instructed the jury that if the deceased had threatened the life of defendant in his presence and hearing, and done some act manifesting an intention to execute the threat, or they had a reasonable doubt upon the subject, they might acquit. Both the appellant and his wife testified that immediately before the shooting the deceased threatened to kill the appellant.

the jury having been told in various parts of the charge to view the matter from appellant's standpoint, taking into consideration all facts and circumstances in evidence, the failure of the trial court to embody in his charge a specific instruction calling attention to the evidence

bearing upon the character of deceased was not an omission authorizing a reversal of the judgment. The general terms used by the court were obviously so broad that they included evidence of character, and if specific reference thereto was authorized by the law and desired by appellant, the duty of seeking it by special charge was incumbent upon him.

The appellant throughout the history of this case has been represented by counsel displaying marked skill and commendable zeal. In ruling on matters of evidence the conduct of the trial by the court is beyond question, and in his charge to the jury he has displayed a liberality toward the appellant which has carried him in several instances to a point in appellant's favor beyond the strict requirements of the law, and on the whole fully protects the rights of appellant. The jury for the third time has rejected appellant's view, and under the record we are constrained to believe that the judgment entered against him is the result of a fair trial, and so believing order its affirmance.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 22, 1919.

MORROW, JUDGE.—We were mistaken in stating that the appellant failed to request a specific instruction to the effect that the evidence of the character of deceased might be considered by them. The appellant did make such request, and, we think, there was no error in refusing to read it to the jury. The court, in language so broad that it could not be misunderstood, had informed the jury that in passing upon the defensive issues in the case they should take into consideration all of the facts and circumstances in evidence and view them from the appellant's standpoint. It was incumbent upon the court to submit to the jury the law touching the issues in the case arising from the evidence. It was not his duty, in the absence of some rule of law requiring that the jury be told the purpose and limit that might be given to some particular evidence, to single out specific facts and call them to the attention of the jury. There are cases in which it has been held that the complaint of the appellant of a reference to the character of the deceased in connection with other facts in the charge to the jury did not present reversible error. Spangler v. State, 42 Texas Crim. Rep., 233.

In this case, however, the appellant was a younger and a stronger man than the deceased and was armed with a shotgun. He claims deceased was attacking him with a pocketknife, and we do not think it is one requiring the court in submitting the issue of self-defense or manslaughter, after telling the jury that they would consider all the facts and view them from appellant's standpoint, to single out as an additional subject of charge the evidence of the character of deceased.

We refer to Salazar v. State, 55 Texas Crim. Rep., 307, 116 S. W.

Rep., 819; Giles v. State, 60 Texas Crim. Rep., 436, 132 S. W. Rep., 359; Trinkle v. State, 131 S. W. Rep., 583.

We have given attention to the other matters urged by the appellant in his motion for rehearing, but since they have been fully considered and reviewed in the original opinion and we have not been able to modify the conclusions therein expressed relating to them, we deem it unnecessary to make further reference to them here.

The motion for rehearing is overruled.

*Overruled.*