# APRIL, 1925.

HICKS ROSS v. THE STATE.

No. 8624.  Delivered April 29, 1925.

Rehearing denied June 10, 1925.

**1.—Possessing Intoxicating Liquor—Constitutionality of Act—Sustained.**

Appellant questions the constitutionality of the act of the 37th Legislature making the possession of one quart or more of intoxicating liquor, prima facie evidence that such possession is for the purpose of sale. The validity of this act has been many times sustained by this court. See Stoneham v. State, 268 S. W. 156 and other cases cited.

**2.—Same—Jury—Misconduct of—How Assailed.**

Appellant complains that the jury was guilty of misconduct in the consideration of the second count in the indictment, which had been withdrawn from their consideration by the charge of the court. This court has *held* that it is not permissible to permit the jurors, either by affidavit or oral testimony to show that they misunderstood, misread or misconstrued the charge of the court. See opinion on rehearing for discussion and citation of authorities on this question.

Appeal from the District Court of Grayson County.  Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction of possession of intoxicating liquor, for purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was charged by indictment with the unlawful possession of intoxicating liquors for the purpose of sale in one count, and in another count with unlawful possession of equipment, still, mash and material for manufacturing spirituous liquors, on or about the 21st day of September, 1923, and was convicted in the district court of Grayson County upon the first count in the indictment on January 1, 1924, and his punishment assessed at confinement in the penitentiary for one year—the court having withdrawn from the consideration of the jury the second count in the indictment; from which conviction the appellant has appealed to this court for a reversal of this case.

Appellant complains in his bill of exception No. 1 of the following portion of the court's charge:

"It is provided by a recent act of our Legislature that the possession of more than one quart of intoxicating liquor shall be prima facie evidence that such possession was for the purpose of sale; but the defendant shall have the right to introduce evidence showing the legality of such possession and in this connection you are instructed that the possession of intoxicating liquor for medicinal purposes is legal,"—because such charge was prejudicial to the rights of the appellant, upon the weight of the evidence, and the Act of the Legislature relative thereto was in violation of Section 10, Article 1, of our Constitution.

The court followed up that portion of the charge complained of and charged the jury as follows:

"If you believe from the evidence that defendant was in possession of spirituous liquor as charged in the indictment, but you believe that he had the same for medicinal purposes, then you should acquit the defendant, or if you have a reasonable doubt as to whether he did or not you will acquit him"—and, in addition thereto, gave the usual charge on the presumption of innocence and on reasonable doubt.

We are unable to agree with the contentions of the appellant as to the unconstitutionality of said statute and as to the charge being upon the weight of the evidence, and deem it unnecessary to go into a lengthy discussion of the same, in view of the former decisions of this court construing the same Act of the Legislature against the contention of the appellant. Stoneham v. State, 268 S. W. 156; Newton v. State, 267 S. W. 272; Herrin v. State, decided March 25, 1925, yet unpublished.

There are several other objections urged to the court's charge in appellant's brief, among which is complaint made because the court failed to define the term "prima facie"; but, as there were no objections or exceptions urged to said charge in this respect as required by the statutes, and no special charges submitted, we are unauthorized to consider same.

There is also complaint in this case of the misconduct of the jury, to the effect that after they went out to consider their verdict and stood eight to four for conviction they discussed and considered the second count of the indictment, which charged appellant with having equipment, still, mash and material for manufacturing spirituous liquors, which count had been withdrawn from their consideration by the court. There was evidence offered by the appellant in support of this contention through the jurors to the effect that they considered same in reaching their verdict in this case. This court has held that it is not permissible to permit the jurors, either by affidavit or oral testimony, to show that they misunderstood, misread or misconstrued the charge of the court. Branch's Annotated Penal Code, page 297, Sec. 575, and authorities there cited. The statutes authorize

the jury to have all original papers during their deliberation and consideration of the verdict. This includes the indictment in the case. Vernon's Code of Criminal Procedure, Art. 751. In Underhill's Criminal Evidence, Sec. 362, it is stated:

"The jurors may, when out of court, consult memoranda or notes of the judge's charge, and all papers which are in evidence, including the indictment"—citing Stout v. State, 90 Ind. 1.

From the authorities above quoted and cited, we are of the opinion that the court was not in error in overruling the motion for new trial in this particular.

After a careful examination of the entire record, we fail to find any error committed upon the trial in the lower court, and this case is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is a general principle of law that the verdict of a jury may not be impeached by the affidavit or sworn statement of a juror. Weatherford v. State, 31 Texas Crim. Rep. 530; Ulmer v. State, 71 Texas Crim. Rep. 579; Pilot v. State, 38 Texas Crim. Rep. 515; Henry v. State, 43 S. W. Rep. 340; Montgomery v. State, 13 Texas Crim. App. 74; McCane v. State, 33 Texas Crim. Rep. 476; Johnson v. State, 27 Texas Rep. 758. In Art. 837, C. C. P., it is said:

"New trials, in cases of felony, shall be granted for the following causes, and for no others:"

In other parts of the statute various matters are enumerated. The interpretation of these provisions of the statute, so far as the writer is informed, has been that when the averment is that a specific act prohibited by statute has taken place, such as the decision by lot, the receiving of other testimony, the drunkenness of a juror, or conversation with outsiders is the inquiry, the jurors in many cases are the only persons available from whom this information may be obtained, and subdivision 8 of Art. 837, expressly authorizes the receipt of the affidavit of the juror in proof of such matters. These are made imperative reasons for a new trial unless he absence of injury be shown. See McDougal v. State, 84 Texas Crim. Rep. 424. In the eighth subdivision of the statute, however, which refers to the misconduct of the jury, the inquiry relates to some undefined misconduct which is recognized as sufficient to vitiate the verdict. To determine whether it is of such character, the discretion rests generally with the trial court. In addition to the authorities above

cited are Patterson v. State, 63 Texas Crim. Rep. 297; McCulloch v. State, 35 Texas Crim. Rep. 268; Hamilton v. State, 64 Texas Crim. Rep. 175.

In the present case, it is not any of the specific things mentioned in the statute as cause for new trial upon which reliance is had, but it is in substances the disobedience or disregard of that phase of the court's charge in which the jury was instructed to give consideration alone to the first count of the indictment. Preliminary to a discussion of the merits of this contention, it is well to bear in mind the fact that the indictment is a part of the trial for a felony and one of the papers which the jury is expressly authorized by statute to take with them in their retirement. See Art. 751, C. C. P. It is not essential, however, that the jury have the indictment. Schultz v. State, 15 Texas Crim. App. 258. In the present case, before the jury retired, if it was deemed desirable that the second count in the indictment be withheld from the jury, a request to the court would probably have brought about that result. At all events, if the request had been made and refused, and exception reserved, certainly the appellant would have been in a far better position to complain of the misuse of the second count of the indictment in their retirement. In the case of Cook v. State, 4 Texas Crim. App. 265, upon an indictment delivered to the jury, there were indorsed two verdicts of guilty rendered on the previous trial. Complaint was made of this in the motion for new trial. The court, in affirming the case, said:

"It was certainly the duty of defendant to have made his objection at the time, or before the indictment was given to the jury, so that the court might have had them furnished, if necessary, with a certified copy of the indictment, omitting the indorsements."

This principle was re-asserted in Anschicks v. State, 6 Texas Crim. App. 524; see page 536; also Harvey v. State, 35 Texas Crim. Rep. 545, see page 560.

As we conceive it, having made no request of court to withhold the second count from the jury in their retirement, the appellant is not in a position to make complaint that it was not withheld. As the record is presented, it obviously went to the jury with his acquiescence; and he was also aware of the fact that the court had instructed the jury that that count in the indictment was not to be considered. In Johnson's case, 27 Texas Rep. 769, touching a like contention, the Supreme Court of this State, when it had jurisdiction of criminal matters, used language which we quote:

"In connection with the objection to the charge, it is insisted that it was, in fact, misconstrued by the jury, and in proof thereof the affidavit of three of the jurymen was presented to the court on the motion for the new trial. Aside from the fact that this is not recognized by the code as a ground for a new trial, we may say

that no case has yet occurred in which such affidavits have been tolerated in the courts of this state for the purpose of impeaching a verdict. And when we consider the wide door which would be thereby opened for improper practices, we would hesitate long, and feel ourselves constrained by imperative necessity for accomplishing the ends of justice, before we could give our sanction to such a practice. Although a few isolated cases may be found in which such affidavits have been received, the better practice seems to have been established in most, if not all the states except Tennessee, to reject them. The question has been before this court heretofore on more than one occasion, and it has been uniformly decided adversely to the appellant. (See Little v. Birdwell, 21 Texas 612; Kilgore v. Jordan, 17 id. 341.)''

Illustrative of the general rule and the reasons therefor, we refer to Ruling Case Law, Vol. 27, p. 896, sec. 68. Touching the subject in hand, the following quotation is taken from Todd v. State, 93 Texas Crim. Rep. 567:

''By virtue of our statute on motions for new trial, Article 837, subdivisions 7 and 8, Code of Crim. Proc., and its interpretion by decisions of this court, the scope of the rule of public policy announced in the text is very much restricted in its application in this State. This is illustrated by many cases. See Mizell v. State, 81 Texas Crim. Rep. 241; Weaver v. State, 85 Texas Crim. Rep. 111; McDougal v. State, 81 Texas Crim. Rep. 183; Gilbert v. State, 85 Texas Crim. Rep. 597. Notwithstanding its modification, the rule has not been abrogated entirely, and when it does not run counter to the statute of this State, as interpreted by the decisions of its courts, it still operates.''

From the case of Jack v. State, 20 Texas Crim. App. 660, we take the following:

''It seems to us that it would be dangerous and exceedingly pernicious practice for the courts to permit the sanctity of the jury room to be invaded, and jurors to be interrogated as to the arguments used in their deliberations, and the influence of such argument upon their minds, and the reasons and considerations upon which their verdicts were based. There might arise, perhaps, an extreme case in which such a practice would be tolerated to prevent flagrant wrong and injustice, but this court would not be willing to sanction the procedure unless it should manifestly appear that the ends of justice imperatively demanded it.''

In the opinion of the writer, the question presented in the present case was determined against the appellant in Johnson's case, supra, and others to which reference has been made; that is to say, the true basis of the appellant's contention is that the jury in their deliberations were not governed by the directions of the court in its charge to ignore the second count of the indictment, to prove which,

under the authorities mentioned, would be an impeachment of the jury, which the law does not permit. See Esquivel v. State, 93 Texas Crim. Rep. 125.

The motion for rehearing is overruled.

*Overruled.*