STATE, Respondent, v. MASON, Appellant.

(227 N. W. 73.)

(File No. 6929. Opinion filed October 15, 1929.)

*Windsor Doherty,* of Winner, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

BROWN, J. ▮▮▮ From a judgment of conviction for keeping intoxicating liquor with intent to evade the provisions of the intoxicating liquor law, and from an order denying a new trial, defendant appeals. On cross-examination, a witness for the state admitted that he had been convicted of violating the intoxicating liquor law on a different occasion from that on which the charge against the defendant arose. He was then asked if he had ever served his term or paid his fine in that case. An objection to this

question was sustained. There was no error in this. The record does not show that any term or fine had been imposed, and the conviction had no relation to the cause on trial. The contention that the two bottles of moonshine whisky found in defendant's premises at the time of his arrest should not have been admitted as evidence is clearly without merit, as is also the contention that two bottles containing whisky taken from the car occupied by Bill Yanka, Jonas Patterson, and Frank Hoffman shortly before defendant's house was raided. There was evidence from which the jury could have believed that the two bottles taken from the car had been procured by the occupants of the car from the defendant the same night. These two bottles were properly admitted in evidence as tending to show that the whisky found in defendant's house was kept there by him with intent to evade the provisions of the intoxicating liquor law. It is undisputed that two bottles found in the defendant's house contained intoxicating liquor, and, under the provision of section 10318 of the Revised Code 1919, this was presumptive evidence that the liquor was kept in violation of the provisions of the intoxicating liquor law. The defendant's argument that this section is unconstitutional because it deprives the defendant of due process of law and creates presumptive evidence against him because he would not testify is quite untenable. 12 C. J. 1206; Ross v. State, 100 Tex. Cr. R. 295, 273 S. W. 582; State v. Humphrey, 42 S. D. 512, 176 N. W. 39.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur. CAMPBELL, J., concurs in the result.