## ARCHIE HAMILTON v. THE STATE.

### No. 1376. Decided November 15, 1911.

### Rehearing granted December 20, 1912.

**1.—Murder—Final Judgment.**

Where the appeal was dismissed because the transcript did not contain the sentence or final judgment, but the same was brought forth by writ of certiorari, the appeal was reinstated.

**2.—Same—Bills of Exception.**

Where the bills of exception were filed more than thirty days after adjournment without an order, the same must be stricken out on motion of the State.

**3.—Same—Charge of Court—Murder in the Second Degree.**

Where the defendant was convicted of murder in the second degree, and the evidence did not raise the issue of manslaughter, there was no error in the court submitting the issue of murder in the second degree.

**4.—Same—Accidental Shooting—Charge of Court.**

Where, upon trial of murder, the evidence raised the issue of accidental or unintentional killing, it was reversible error not to submit this issue.

**5.—Same—Charge of Court—Negligent Homicide.**

Where the evidence presented a case of accidental or unintentional killing, there was no error in the court's failure to charge on negligent homicide in the first degree.

**6.—Same—Charge of Court—Interlineations—Erasures.**

Where the original charge of the court was sent up with the record and was not subject to the complaint made that, by reason of interlineation, erasures, etc., the same could not be understood, there was no error.

**7.—Same—Charge of Court—Reasonable Doubt.**

Where the court's charge applied the reasonable doubt and the presumption of innocence to the whole case, there was no error, in the absence of special instructions, on the ground that the court did not charge the reasonable doubt as to each issue submitted.

**8.—Same—Misconduct of Jury—Affidavits.**

Jurymen are not permitted to impeach their own verdict by affidavit that they misunderstood the meaning and import of the court's charge.

**9.—Same—Sufficiency of the Evidence.**

While the evidence might sustain a conviction for murder in the second degree, yet, where the same raised the issue of unintentional killing, the same should have been submitted to the jury.

Appeal from the District Court of Sabine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Goodrich & Lewis,* for appellant.—On the question of the insufficiency of the evidence: Connor v. State, 34 Texas, 659.

On the question of the court's failure to charge on negligent homicide: Morris v. State, 35 Texas Crim. Rep., 313; Bradshaw v. State, 50 S. W. Rep., 359; Wharton on Homicide, secs. 109, 366, 374.

On the question of the court's failure to charge on accidental homicide: Houston v. State, 26 Texas Crim. App., 657; Biggerstaff v. State, 59 Texas Crim. Rep., 575.

On question of the court's failure to properly apply the reasonable doubt: Murray v. State, 1 Texas Crim. App., 417; Eanes v. State, 10 Texas Crim. App., 421.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with murder, and when tried, he was adjudged guilty of murder in the second degree, and his punishment assessed at ten years in the penitentiary.

The assistant attorney-general has filed a motion to dismiss this

appeal, because the transcript does not contain the sentence, or final judgment of the court. We have carefully examined the transcript, and it not containing the final judgment of the court, sentencing appellant, the motion must be sustained. Dismissed.

*Dismissed.*

### ON REHEARING.

### December 20, 1911.

HARPER, JUDGE.—At a former day of this term, this case was dismissed, because the transcript contained no final judgment. Appellant filed a motion for rehearing, praying that writ of certiorari issue requiring the clerk to send up a true and correct transcript of the final sentence or judgment, which was granted and a copy of the final judgment has been received.

However, the transcript shows that the term of court at which appellant was tried adjourned on April 26th, and the bills of exception were not filed until June 3d, more than thirty days subsequent to the adjournment of court. The assistant attorney-general has filed a motion to strike them from the record, and under the decisions of this court, it must be sustained, consequently those grounds in the motion for a new trial complaining of the admissibility and rejection of testimony can not be considered by us.

Appellant complains that the court was in error in submitting the issue of murder in the second degree, not that there was any error in the charge on this issue, but it should not have been submitted. As there is no contention that the facts raise the issue of manslaughter, there was no error in the court submitting this issue, as if the facts authorized the jury to find defendant guilty of murder in the first degree, it could not injure defendant to find him guilty of a less degree, as they did.

The court instructed the jury that no mistake of law excuses anyone, but if a person laboring under a mistake of fact, should do an act which would otherwise be criminal, he is guilty of no offense, and further instructed them that if defendant was laboring under a mistake of fact as to the gun being loaded and such mistake did not arise from a want of proper care on the part of defendant at the time he did the shooting, they would find him not guilty. The appellant testified he did not shoot deceased intentionally, and that he did not intend to shoot him—that he did not know the gun was loaded. There were no special charges requested asking that this theory of the case be presented more fully, or in a more definite way as applied to the evidence, and the charge as given, is not subject to the criticism contained in the motion. However, the evidence of defendant and his witnesses would make a case of accidental or unintentional killing, and this issue was not submitted to the jury. If one in play, points a gun at another, believing that it is not loaded and the gun is unintentionally fired, he

is not guilty of murder, and defendant had the right to have this theory presented to the jury for their determination.

There was no error in failing to charge on negligent homicide in the first degree. There was no evidence that at the time of the shooting, appellant was engaged in some lawful act, and in the attempt to perform such act, the shot was fired negligently and carelessly. The evidence from defendant's viewpoint would indicate that he got the gun from the rack, pointed it at deceased, not knowing it was loaded, and pulled the trigger, shooting deceased in the side, killing him almost instantly. This would not present the issue of negligent homicide in the first degree. The evidence of defendant presented a case of accidental or unintentional killing, and not a case of negligent homicide.

The complaint that the court "erred by reason of the arrangement, the manner of writing, and manner of wording, and by reason of the interlineations, erasures, irregularities and defects of chirography," etc., is not borne out by the record. The original charge is sent up with the record, being partly printed and partly written, and is easily read and understood.

The complaint that the court did not instruct the jury on the law of reasonable doubt as to each issue submitted, is not such error as would be ground for reversal of this case. The court instructed the jury that the burden of proof to establish his guilt by legal evidence, beyond a reasonable doubt, rests upon the State, and he is presumed to be innocent until his guilt is so established, and in case the jury had a reasonable doubt as to his guilt, they would find defendant not guilty, thus applying it to the whole case, and in the absence of any request for more specific instructions, this has been held to be a sufficient presentation of this issue.

We can not consider the affidavits of the three jurymen that they misunderstood the import and meaning as given in charge by the court. The bill of exceptions, seeking to present this matter, was filed more than thirty days subsequent to the adjournment of court. In addition to this, jurymen are not thus permitted to impeach their own verdict.

There is no ground alleging the insufficiency of the evidence to sustain this verdict, but from a reading of the entire record, the evidence would hardly seem to justify the verdict, unless we take into consideration the location of the wound, for death must have been intended unless the shooting was unintentional, and as defendant says. However, this issue was submitted to the jury, and we do not feel inclined to say it is wholly unwarranted, especially in view of the fact that the testimony had to be obtained from relatives of defendant who it would seem feel kindly towards him, but for the error of the court in not submitting the issue of accidental or unintentional killing, this case must be reversed. It is not so much the fact that defendant was mistaken about the gun being loaded as that the evidence would indicate that the gun was fired accidentally, with no intention on the part of defendant to kill deceased. That would excuse his act and on another

trial this theory of the case should be submitted to the jury for their determination.

The judgment is reversed and cause is remanded.

*Reversed and remanded.*