## INGENIO ESQUIVEL V. THE STATE.

### No. 7388. Decided December 20, 1922.

**1.—Assault to Murder—Newly-Discovered Evidence.**

Where it is apparent that the newly-discovered evidence is purely impeaching in its character, a new trial will not be granted, in addition, the motion for new trial fails to bring the alleged evidence within the rule of newly-discovered evidence.

**2.—Same—Motion for New Trial—Affidavit—Misconduct of Jury.**

Where the defendant attached no juror's affidavit to his motion for new trial, and appears to have been content to rest his averment of misconduct of the jury upon his sworn motion, and the State. introduced the testimony of one of the jurors, which did not support appellant's averments, there was no reversible error. Besides, a juror may not impeach his verdict by affidavit or testimony to the effect that evidence limited by the court to one purpose was appropriated by the jury to others. Following Turner v. State, 61 Texas Crim. Rep., 97, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honoarble W. S. Anderson.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of assault with intent to murder one Alex Coy. Punishment was assessed at three years in the penitentiary.

The evidence of Coy shows that he was invited by Louis Esquivel, brother of appellant, to a dance at the Esquivel home; that he accompanied Louis and appellant to a stable on the premises, where Louis began cutting him with a razor while appellant and another party whom Coy did not recognize, were holding him; that Coy drew his pistol and fired. In the fight they got down. When Coy got up appellant was cutting him with a knife. Witness Montel was in the house when the shot was fired; he immediately ran out to see what the trouble was and met Coy, who was in a bloody and weak condition; appellant was following him cutting or cutting at him with a knife. Montel stopped appellant and took the knife from him. Appellant denied participation in the affair, claiming that he was outside of the yard during the fight. He was supported by other witnesses. The jury settled the conflict in the evidence in favor of the State.

Upon cross-examination of appellant the State elicited from him that he had theretofore been indicted for murder and assault to

murder. The court limited this evidence to the question of appellant's credibility. Only two questions are presented for review. It is averred in the motion for new trial (1st) that the jury violated the instruction of the court, and used the impeaching evidence against appellant in denying him a suspended sentence; (2d) that new evidence has been discovered since the trial to which appellant is entitled. There is attached to the motion affidavits of two witnesses to the effect that the witness Montel was in the house during the fight, and could not have separated the parties, and seen the things claimed to have been seen and done by him. It is apparent that the alleged newly discovered evidence is purely impeaching in its character, for which a new trial will not be granted. (Branch's Ann. P. C., p., 129, Sec. 202). In addition to this the motion reveals facts which fail to bring the evidence within the rule of newly discovered testimony. The two parties making the affidavits had been summoned as witnesses upon the trial, were present and appellant's counsel talked to them. The motion alleges that "prior to the trial and during the trial of this cause defendant and his counsel talked to the witnesses above named, and both defendant and his counsel were led to believe that said witnesses did not know any material facts to which they could testify." The presence of the witnesses at the trial, the opportunity to talk with them, brings this case within the rule stated in Branch's Ann. P. C., p. 130, Sec. 204. It is not asserted or claimed that the witnesses misled or concealed from appellant's counsel anything. The investigation as to their knowledge seems to have been incomplete or the evidence would have been discovered during the trial.

Appellant attached no jurors' affidavits to his motion, and appears to have been content to rest his averment of misconduct of the jury upon his sworn motion; but upon the hearing the State offered one juror whose testimony is before us. We do not think it supports appellant's averments. No other jurors were called by him. We take occasion to say in this connection that we do not believe a juror may impeach his verdict by affidavit or testimony to the effect that evidence limited by the court to one purpose was appropriated by the jury to others. If subdivision 8, Art. 837 C. C. P., should be extended to embrace such an inquiry it "would unsettle every verdict in which there could be found upon the jury a man who could be induced to throw discredit on their common deliberations." Wharton's Crim. Proc., Vol. 3, Sec. 1787; Ruling Case Law, Vol. 27, p. 896, Secs. 68-73; Turner v. State, 61 Texas Crim. Rep., 97; Watson v. State, 82 Texas Crim. Rep., 305, 199 S. W. Rep., 1113; Hamilton v. State, 64 Texas Crim. Rep., 175, 141 S. W. Rep., 966; McCulloch v. State, 35 Texas Crim. Rep., 268. In the last case cited two jurors had made affidavits that they did not understand what the court meant by his charge in some particular. The concluding words of Judge Davidson considering the question are: "This court will not

encourage the affidavits of jurors who, by stultifying themselves, seek by their affidavits to overturn their verdicts. This practice is getting entirely too common, and the lower courts should take occasion to correct it."

The judgment is affirmed.

*Affirmed.*