## BILL SIMS v. THE STATE.

No. 7739.  Decided October 3, 1923.

Rehearing denied February 13, 1924.

**1.—Transporting Intoxicating Liquor—Cross-Examination—Bill of Exception.**

Where bills of exception are in question and answer form they require no consideration, but if considered they are deemed without merit and the cross-examination of defendant that on previous occasion he had transported liquor when he was aware that it was from an illicit manufacturer, etc., was admissible, to show his guilty knowledge, etc.

**2.—Same—Evidence—Other Transactions.**

The fact that the State proved more than one occasion on which defendant transported intoxicating liquor was not within the rule rejecting evidence of other offenses, and either transaction was available to the State and at most defendant could have demanded an election by the State which was not done.

**3.—Same—Evidence—Period of Limitation.**

The contention that the evidence was incompetent because not shown to have fallen within the period of limitation cannot be sustained, for the reason that the testimony was admissible on the issue of defendant's guilty knowledge. Besides, it had bearing on the date of the offense.

4.—Same—Practice in Trial Court—Deliberations of Jury.

There was no reason why the jury should not have considered both trans-
actions in their deliberations in the absence of a motion that the State
elect.

5.—Same—Verdict—Impeaching Verdict.

It was not permissible, however, to impeach the verdict of the jury by
testimony of the jurors showing what use was made of testimony legally
before them.    Following Turner v. State, 61 Texas Crim. Rep., 103, and
other cases.

6.—Same—Argument of Counsel.

Where the remark of State's counsel was invited by the argument of ap-
pellant's counsel, there is no reversible error.

7.—Same—Rehearing—Limitation.

Where appellant urged that   the evidence did not justify this court's
statement that the other transaction occurred within the limitation period
but the record on appeal bore out this statement, there is no reversible
error.

8.—Same—Evidence—Cross-Examination.

By appellant's own testimony he made relevant certain evidence intro-
duced by the State, and the record shows that before the State ever made
proof of any of the facts objected to, defendant had testified on direct ex-
amination that he had no knowledge of the presence of the whisky in the
wagon, and this was what the State combated upon cross-examination, and
there is no reversible error.

Appeal from the District Court of Clay.   Tried below before the
Honorable H. R. Wilson.

Appeal from a conviction of unlawfully transporting intoxicating
liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Taylor*, and *R. Donley Suddath*, for appellant.—Upon
question of testimony of other offenses: Gardner v. State, 117 S. W.
Rep., 148; Clark v. State, 128 id., 131; Bailey v. State, 155 id., 536;
Ross v. State, 245 id., 680.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant At-
torney General, for the State.—On question of misconduct of jury:
Chant v. State, 166 S. W. Rep., 515; Vaughn v. State, 136 id., 476;
Bacon v. State, 134 id., 690; Turner v. State, 133 id., 1053.

MORROW, Presiding Judge.—Conviction is for the unlawful
transportation of intoxicating liquor; punishment fixed at confine-
ment in the penitentiary for one year.

Appellant and one Dave Porter were traveling along a public road in a wagon containing a still, several barrels and three gallons of whisky.

The offense was laid on or about August 18, 1922. The proof showed, without contradiction, that about that date the appellant conveyed in his wagon several gallons of whisky, a still, several barrels and other equipment suitable for the manufacture of whisky. The conveyance was made from the home of the witness Porter, which was on the so-called Chapman Place, several miles from the city of Henrietta. The articles were brought by appellant to the city of Henrietta late in the night-time.

In his testimony appellant disclaimed any knowledge of the fact that the packages contained whisky, and claimed that he had been hired by Porter to transport the articles mentioned.

Porter testified that the property belonged to appellant and that through appellant's influence he became engaged with him in the illicit manufacture of whisky.

On cross-examination appellant testified that on a previous occasion he had gone to the abode of Porter, when he resided in a different locality though in the same county, and had obtained from him a gallon of whisky, also smaller amounts and had transported them to his home some fifteen miles distant; that at that time he was aware that Porter was engaged in the illicit manufacture of whisky. Objection to this cross-examination was made, but the bills are in question and answer form and for that reason are not in a condition to require consideration. If considered, however, they are deemed without merit. By his own testimony appellant made relevant testimony which would show his guilty knowledge of the unlawful nature such issue his previous acquaintance with Porter and the nature of of the liquid which he transported from the Chapman Place, and upon transaction with him was competent.

The fact that the State proved more than one occasion on which appellant transported intoxicating liquors was not within the rule rejecting evidence of other offenses. Either transaction was available to the State. It having introduced evidence of more than one, might have required an election by it if a demand for it had been made. The contention that the evidence was incompetent because not shown to have fallen within the period of limitation cannot be sustained for the reason that, as above indicated, the evidence was admissible on the issue of appellant's guilty knowledge. Its receipt was admissible for the additional reason that from Porter's testimony touching the time he moved into the community and appellant's testimony that the transaction was subsequent to such removal, there is evidence which would authorize a finding that both transactions occurred within the limitation period.

In the motion for new trial the point is made that in their deliberations the jury considered both transactions. No reason is perceived why they should not have done so. The evidence of both was competent, and there was no demand made upon the State to elect between them.

We will add, however, that it was not permissible to impeach the verdict of the jury by testimony of jurors showing what use was made of testimony legally before them. Such an inquiry is not within the scope of the statute on misconduct of the jury. Turner v. State, 61 Texas Crim. Rep., 103; Watson v. State, 82 Texas Crim. Rep., 305; Bridges v. State, 88 Texas Crim. Rep., 61; Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W. Rep., 693.

The bill complaining of the remark of counsel for the State to the effect that if appellant was convicted Porter would be tried on the following day, as qualified, shows that the remark was invited by the argument of appellant's counsel.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 13, 1924.

HAWKINS, Judge.—In his motion for rehearing appellant seriously questions the correctness of certain conclusions and statements in our original opinion. He urges that the evidence does not justify the statement that the other "transactions occurred within the limitation period." We think appellant has overlooked the fact that he testified himself that he had known Porter "something like six or eight months." All the transactions were between appellant and Porter. It is not likely they occurred before appellant knew him, and the inference is justified that they occurred not only within the period of limitation, but within the last six or eight months.

We said that by appellant's own testimony he made relevant certain evidence introduced by the State. This statement is questioned. The record shows that before the State ever made proof of any of the facts objected to by appellant he had testified and on his direct examination asserted that he had no knowledge of the presence of the whisky in the wagon; that he owned no interest in the still or whisky found in the wagon; that he had no connection with the whisky and still other than hauling it as an hireling for Porter; that he did not help make the whisky and was not present when any of the liquor was made; that he had heard a still was being operated out there but never had anything to do with it; that he was never present when any liquor was manufactured. The State was not requir-

ed to sit silently by and let these assertions go unquestioned. It could combat them upon cross-examination of appellant, or by the evidence of any witness who knew facts to the contrary.

We have said this much because the matters were adverted to in our original opinion when the whole subject could very properly have been disposed of by refusing to consider the bills because they were in question and answer form.

The motion for rehearing is overruled.

*Overruled.*