# MAY, 1925.

### O. E. (Shorty) Thomas v. The State.

No. 8736.   Delivered May 6, 1925.

Rehearing granted, June 17, 1925.

**1.—Selling Intoxicating Liquor—Requested Charges—When Presented—Rule Stated.**

Where on a trial for selling intoxicating liquor, the record on appeal does not show that appellant's special charges requested, were presented to the trial court before the general charge was read to the jury, under Art. 733 Vernon's C. C. P., this court is not authorized to consider same.

**2.—Same—New Trial—Impeaching Verdict—Not Permissible.**

Where on a motion for a new trial appellant sought to show that the jury in deliberating on the case did consider as incriminatory, statements introduced, of evidence given before the grand jury by state's witnesses.

A verdict of a jury cannot be impeached in this manner, and the court properly overruled the motion. See Esquivel v. State, 246 S. W. 399 Branch's Ann. Tex. Statutes Sec. 576.

3.—Same—Evidence—Flight of Defendant—Properly Admitted.

Evidence that at the time of the holding of the court of enquiry at Nocona enquiring into liquor violations, the appellant had left Nocona, and had gone to Oklahoma, was properly admitted, any objection to its admissibility going to its weight, rather than to its pertinency.

4.——Same—Witness—Examination of—No Error Presented.

Where appellant complains that the county attorney was permitted to exhibit to a witness his testimony given before the grand jury, and to hold a whispered conversation with him, while on the stand the bill presenting this matter, failing to set out what was said by the county attorney to said witness is defective and discloses no error. See Branch Ann P. C. Sec. 207 and 210.

ON REHEARING

5.—Same—Evidence—Witness's Former Statements—Improperly Admitted.

Under some circumstances, as where the State's counsel is surprised by his witness giving hurtful testimony against the State, his prior statement out of court may be used against him. So, when his testimony is indefinite, his memory may be refreshed by allowing him to examine, or by calling his attention to his former statement. In neither event, however, can his former statement be introduced as original evidence to be used by the jury to prove the guilt of the accused. See Bryan v. State, 234 S. W. 234 and numerous other cases cited.

6.—Same—Continued.

In permitting the State's attorney to read to the jury the testimony of State's prosecuting witness Bill Bowdry a written statement made and signed by said witness before the grand jury, the learned trial court fell into error, that necessitates a reversal of this cause.

Appeal from the District Court of Montague County. Tried below before the Hon. Paul Donald, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*J. S. Jameson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the district court of Montague County for selling intoxicating liquors and his punishment assessed at one year's confinement in the penitentiary.

The record discloses that the appellant filed no exceptions to the charge of the trial court, but complains of the refusal of the court to give his special charges to the jury, and brings forward said

.101 Tex. Crim.—10.

complaint in his bills of exception. Neither the special charges nor the bills of exception relating thereto show that they were presented to the court before the general charge was read to the jury, as required by Vernon's C. C. P., Art. 735, and for that reason we are authorized under the law to consider same.

Appellant also complains of the action of the court in not granting him a new trial for the alleged misconduct of the jury while considering their verdict. This bill of exception shows the court heard testimony to the effect that some of the jurors considered statements made by the witnesses on the stand which was supposed to have been testified to by said witnesses in the grand jury; the court after hearing the evidence overruled the motion for a new trial and we see no error therein. Esquivel v. State, 246 S. W. 399; Branch Ann. Statutes, Sect. 575.

The other bills of exception in the record complain of the admission of testimony upon the part of the State to the effect that the sheriff and other State's witnesses testified that they did not find the defendant in the town of Nocona on the day they held a court of inquiry there, alleging that said testimony was injurious to the defendant, in that it did not show that he was guilty of the offense charged against him. We fail to find any harmful error in this particular. The defendant failed to testify in the case, and the evidence showed that about the time inquired about he had left and gone to Oklahoma, and in view of the record we are unable to see how the defendant was injured in this particular.

There is also complaint made of the action of the court in permitting the attorney for the State to exhibit to the State's witnesses the alleged testimony of said witnesses before the grand jury and to ask them concerning their signing same and whispering to said witnesses while upon the witness stand but do not state what the County Attorney said, nor what the statements contained and in this particular said bills are defective and we cannot consider same. Branch Ann. P. C., Secs. 207 and 210.

We have carefully examined the entire record in this case, and are of the opinion that the defendant has had a fair trial, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The witness Bowdry testified that on the date set out in the indictment, he purchased from the appellant

a quart of whiskey; that a part of the money was contributed by some other boys who, on the night that the whiskey was acquired, took part in consuming it. From Bowdry's testimony we take the following quotations:

"I am acquainted with Shorty Thomas, but not very well. I know him when I see him, and the defendant sitting there is Shorty Thomas, I suppose that is him. . . . I bought a quart of liquor from Shorty Thomas. I don't remember exactly what I paid him for it, but it was somewhere around four dollars. . . . I don't know what kind of liquor it was, I never saw anything like it. . . . I did not know Shorty Thomas before I went up there, but whatever the stuff was that we bought, I suppose I bought it from Shorty Thomas, if that is Shorty there. It was dark when we went there, and at the time that we boys went there I didn't absolutely know who lived at the place we went, but I had heard that Shorty Thomas lived there. I couldn't be sure he is the man."

The witness further said that the liquor did not taste like whiskey and that it would not intoxicate. Others who were with the witness did not see the person from whom the liquor was obtained. The transaction was at night.

The refusal to give special charges when the record fails to show by bill of exceptions that they were presented to the judge before the charge was read to the jury cannot be considered upon appeal without doing violence to the express terms of the statute, Art. 737a and 743, C. C. P. In none of the bills complaining of the refusal of special charges is it shown that they were presented to the court before the charge was read to the jury. The decisions construing the statute which inhibit the consideration of bills in this shape are numerous. See Gill v. State, 84 Texas Crim. Rep. 531; Lucus v. State, 225 S. W. Rep. 257; Bargas v. State, 86 Texas Crim. Rep. 217.

The evidence of the sheriff showing circumstantially that he appellant had fled during the court of inquiry and was afterwards arrested in Nocona was properly received. See Underhill's Crim. Ev., 3rd Ed., Sec. 203.

From Bill of Exceptions No. 6, we take the following:

"The County Attorney was permitted to exhibit to the witness Bill Bowdry—the only State witness introduced on the question of the alleged sale of whiskey by the defendant—a written instrument which the County Attorney referred to as Bowdry's statement before the grand jury; and was permitted to hold a whispered conversation with said witness, and was permitted to read from said written instrument a purported statement of the witness Bill Bowdry to the effect that witness had gone to the home of Shorty Thomas in Nocona, Texas, and bought whiskey from defendant, Shorty Thomas, paying him the sum of four dollars; all in the presence of the jury. And

was thereafter permitted to prove by said. witness that witness did in fact make the statements contained in said written instrument before the grand jury, and that he signed the said statement.''

The testimony of the witness Bowdry was unsatisfactory to the State. He was unwilling or unable to identify the appellant as the person from whom the liquor had been purchased, or to characterize the article purchased as intoxicating liquor. It is made to appear that when the witness was before the grand jury, he was more definite in both of the particulars mentioned, and it is obvious that upon the trial of the case the weakness of his testimony there given was fortified and supplemented by that which he had given before the grand jury, which had there been reduced to writing and signed by the witness. The mere fact that the witness failed to identify the appellant or to declare the character of the liquor did not authorize the use of the statement which he had made out of court as original testimony against the accused. Under some circumstances, as where the State's counsel is surprised by his witness giving hurtful testimony against the State, his prior statement out of court may be used to impeach him. So, when his testimony is indefinite, his memory may be refreshed by allowing him to examine or by calling his attention to his former statement. In neither event, however, can his former statement be introduced as original evidence to be used by the jury to prove the guilt of the accused. See Bryan v. State, 234 S. W. Rep. 83; Katz v. State, 245 S. W. Rep. 242; Whitman v. State, 246 S. W. Rep. 1037; Heffnarn v. State, 266 S. W. Rep. 507; also Art. 815, C. C. P., Vernon's Texas Crim. State., Vol. 2, p. 763; Cyc. of Law & Proc., Vol. 40, p. 2451. The mere fact that a witness is reluctant or unwilling, while it may justify leading questions, will not warrant the introduction before the jury of his statements out of court. Floyd v. State, 29 Texas Crim. Rep. 356. Under each of the propositions mentioned, there will be found in the opinions of this court to which reference has been made, citation of numerous older cases.

The record before us leaves upon the mind of the writer no doubt but that the statement of the witness Bowdry, made before the grand jury, was introduced upon the trial of the appellant in a manner warranting its appropriation by the jury as original evidence of the guilt of the appellant upon the leading issue in the case. If, for the purpose of refreshing the memory of the witness, State's counsel desired to use the statement which the witness had signed, care should have been taken to prevent its use by the jury as testimony against the accused. This could have been accomplished either by permitting the witness to read the statement without disclosing its contents to the jury, or by retiring the jury and conducting an examination in the presence of the court, or by calling the witness

from the witness-stand and exhibiting the statement to him out of court. One of these methods or some other should have been resorted to rather than the procedure which was adopted. On the hearing of the motion for new trial, the court heard evidence of the jurors to the effect that they considered the statement of the appellant before the grand jury. This was an effort to impeach the verdict of the jury by an improper method and cannot be considered.

For the reason set forth, the motion should be granted, the affirmance set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*