### FRANK SCHAEFER V. THE STATE.

No. 11747.    Delivered April 18, 1928.

Rehearing denied May 16, 1928.

**1.—Burglary—Misconduct of Jury—Not Established.**

Where, on a trial for burglary, appellant complains of the refusal to grant him a new trial on account of the misconduct of the jury, in that they misappropriated certain testimony, the claim being that said testimony was admitted for one purpose and used by the jury for another purpose. We do not believe it permissible for a juror to impeach his verdict in this manner.    See Esquival v. State, 246 S. W. 399; Sims v. State, 259 S. W. 165.

**ON REHEARING.**

**2.—Same—No Error Discovered.**

On rehearing, we are not convinced that our original disposition of this case was error.    The authorities cited in the original opinion amply support the holding announced.    Also see Ross v. State, 100 Tex. Crim. Rep. 295, and Thomas v. State, 101 Tex. Crim. Rep. 144.

Appeal from the District Court of Bexar County.    Tried below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction for burglary, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment three years in the penitentiary.

We find in the record no statement of facts, and but one bill of exceptions in the transcript.    The complaint in this bill is of the overruling of the motion for new trial, apparently sought

on the ground of misconduct of the jury. The bill sets out the testimony of three jurors. We gather that appellant's purpose was to show by said parties their misappropriation of certain testimony. The claim was that the testimony was admitted for one purpose and that the jury misappropriated same and used it for another purpose. We do not believe it permissible for a juror to attempt to impeach his verdict in this manner. Esquival v. State, 246 S. W. 399; Sims v. State, 258 S. W. 165.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The authorities referred to in Esquival v. State, 93 Tex. Crim. Rep. 125, 246 S. W. 399, and Sims v. State, 96 Tex. Crim. Rep. 519, 258 S. W. 165, which are cited in our original opinion, amply support the holding announced. More recent decisions on the point are Ross v. State, 100 Tex. Crim. Rep. 295, 273 S. W. 582; Thomas v. State, 101 Tex. Crim. Rep. 144, 274 S. W. 577.

The motion for rehearing is overruled.

*Overruled.*