Sandra Renee STARLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 49885.

Court of Criminal Appeals of Texas.

May 7, 1975.

Rehearing Denied May 28, 1975.

William Louis White, Huntsville, William Foster Carter, Madisonville, for appellant.

Jerry A. Sandel, Dist. Atty., and Donald L. Kraemer, Asst. Dist. Atty., Madisonville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted of murder without malice and her punishment was assessed by the jury at two years.

■ In her first ground of error, appellant contends that the court erred in denying her motion for instructed verdict because the State failed to prove that the exculpatory statements of appellant were untrue. Appellant did not testify. The State called as its witness sheriff Richard Grall who testified, among other things, that appellant called him the night of the killing and said: "My God, Richard, I just accidentally shot Grady." The State also offered in evidence appellant's confession in its entirety including her exculpatory denial of any intent to shoot her husband and her assertion that she thought the gun was not loaded. The mother of the deceased husband testified that about two weeks prior to the killing appellant came to her house and asked to borrow the 30-30 lever-action rifle used in the killing. The witness testified that she told appellant that the gun was loaded with five shells and suggested that she get the boys to unload it, but appellant said no and tossed the loaded rifle into her pick-up. The sheriff testified that when he got to the murder scene he saw four bullets on a piece of furniture in the room where the shooting occurred but that he didn't pick them up because he was mainly concerned with getting the deceased, who was at that time still alive, to the hospital. When he returned to appellant's house after her husband was pronounced dead, the bullets were no longer where he had seen them and he was unable to find them. Another witness testified that she was visiting appellant after the shooting and found four bullets in a clothes container buried under some panty hose. The father of deceased testified that appellant told him if her husband ever tried to leave her she would kill him. On the occasion of the shooting deceased had just announced that he was leaving appellant and was going to take their daughter, Shannon, with him. The mother of deceased testified that when appellant borrowed the rifle it was not cocked. The sheriff explained that the rifle would not fire unless the lever was pulled down and returned to position thereby cocking the gun. It was the duty of the jury to pass upon these conflicting facts which they did. The court did not err in denying the motion for instructed verdict.

■ Appellant next complains that the court erred in refusing her timely requested charge on accident and cites Hamilton v. State, 64 Tex.Cr.R. 175, 141 S.W. 966. The facts in Hamilton, supra, it is true, are very similar to the facts in this case. There the defendant was playing with what he thought was an unloaded gun. When he pulled the trigger the gun fired the fatal shot. The court reversed because of the refusal of the trial court to charge on accident. In this case the appellant intentionally pulled the trigger, although she maintained that she thought the gun was

not loaded. This was a mistake of fact on her part and the court charged on mistake of fact. To the extent that Hamilton, supra, is at variance with this holding, it is overruled. Appellant further contends that since she called the sheriff immediately after the shooting and said she had "accidentally" shot her husband, the issue of accident is automatically in the case. Appellant, speaking excitedly in lay terms, apparently merely meant to convey to the sheriff that the shooting was unintentional. It could hardly be expected that as a lay person she would have told the sheriff: "I shot Grady acting under a mistake of fact not arising from a want of proper care of my part." This ground of error is overruled.

 Finally, appellant asserts that the court erred in overruling her objection to the question asked appellant's witness by the prosecution on cross-examination at the punishment stage when the prosecution asked the witness if the fact that Madison County did not have a probation officer would change her answer on direct examination that appellant, in her opinion, would comply with the terms of probation if granted. The witness answered: "No, her parents will supervise her." Appellant's objection was: "I object to the question on the ground that it is solely meant to be prejudicial and for that reason only." Appellant on direct examination, in asking the opinion of this witness regarding the ability of appellant to comply with the conditions of probation, had told the witness that the conditions included the requirement that appellant report to the probation officer as directed and permit the probation officer to visit appellant in her home. Also, the sheriff testified at the punishment stage without objection that Madison County did not have a probation officer. Probation is under the supervision of the court, and even though a county might not have a full-time probation officer there is nothing to prevent the court from designating someone to assist in the supervision of a particular probationer if the court felt

that such was desirable. The evidence that Madison County did not have a probation officer should not have been admitted. Wood v. State, Tex.Cr.App., 516 S.W.2d 667. However, in view of the fact that this situation had already been brought out by the testimony of the sheriff without objection, we hold that the error was not preserved.

The judgment is affirmed.

Opinion approved by the Court.