**Edward MATA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–81–00076–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 3, 1982.

Peter Torres, Jr., San Antonio, for appellant.

Bill White, Dist. Atty., Michael P. Peden, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for involuntary manslaughter pursuant to Tex. Penal Code § 19.05 (Vernon 1974). A jury found appellant guilty of the offense charged in the indictment and assessed his punishment at two years' confinement, but upon their recommendation, the term of confinement was probated.

In his first ground of error appellant complains of the court's refusal to submit a requested instruction to the jury on mistake of fact. We do not agree that such an instruction was warranted and overrule appellant's first ground of error.

Appellant was charged with recklessly causing the death of Mark Castillo by pointing and discharging a *loaded* gun in the direction of Castillo. While proving its case in chief, the State, during the direct examination of Officer Eddie Wilbert Pinchback, introduced the written confession of the appellant. Such confession, in pertinent part, is as follows:

> I would like to state that on today, August 24, 1978, at about 12:30 p. m. I turned on the T.V. Lionel Rodriguez was in the other room in bed talking on the

phone. Mark was in the living room with me. We were playing around with each other. What I mean about playing around is that he was messing around on my bed and I told him to get up and we were laughing about it. I picked up my gun that I use for work and I took three (3) rounds out of it. It was loaded at the time I picked it up. I took out every other round leaving three in it after taking three out. I had intended to take out four rounds at first. I had intended to set the cylinder so that the empty chamber would be the next one to come up. I pointed the gun at Mark and the next thing I know is the gun goes off. I don't remember cocking the gun but as I pulled back it went off . . . .

. . . Mark and I had been playing around with our guns this morning, aiming them at each other and clicking them. Sometimes they were empty and other times they were not and we would just point them . . . . I would like to state that Mark got shot by me and it was an accident, but it was my fault. I now realize that if anybody points a gun a [sic] someone else its [sic] his fault. The gun that I own is a .38 cal. revolver, six shot . . . .

■ Appellant contends that his confession contains statements which raise the issue of mistake of fact that entitled him to submission of his requested special jury charge. *See* Tex.Code Crim.Pro.Ann. art. 36.15 (Vernon Supp.1982). Texas Penal Code, Chapter 8, establishes Mistake of Fact as one of the general defenses to criminal responsibility. It is well-settled that an accused is entitled to an instruction on every defensive matter raised by the evidence. *Esparza v. State*, 520 S.W.2d 891, 892 (Tex. Cr.App.1975); *Thompson v. State*, 521 S.W.2d 621, 624 (Tex.Cr.App.1974); *Gavia v. State*, 488 S.W.2d 420 (Tex.Cr.App.1972). Tex.Penal Code Ann. § 8.02(a) (Vernon 1974) defines mistake of fact as follows:

    (a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Reasonable belief" is defined as a "belief that would be held by an ordinary and prudent man in the same circumstances as the actor." Tex.Penal Code Ann. § 1.07(a)(31) (Vernon 1974). The kind of culpability required for the commission of the offense charged in the indictment, i.e. involuntary manslaughter, is "recklessly" or "reckless." Tex.Penal Code Ann. § 19.-05(a)(1) (Vernon 1974).

■ In order for an instruction on mistake of fact to be warranted in this case we must therefore determine that the statements in appellant's confession established that (1) through mistake, appellant formed a belief, such as would be held by an ordinary and prudent man in the same circumstances as the appellant, that the gun was incapable of discharging when he pulled back on the trigger or hammer of the gun at the time he pointed the gun in the direction of Castillo, and (2) the mistaken belief that the gun was incapable of discharging negated any reckless conduct on the part of appellant when he pointed the gun in the direction of Castillo and pulled back on the trigger or hammer of the gun.

■ We perceive from the statements in appellant's confession that at the time he pointed the gun in the direction of Castillo, and pulled back on the trigger or hammer of the gun, appellant knew that three live rounds were in the cylinder of the gun. It is evident that the appellant did not know the exact position of each of these three live rounds in the cylinder of the gun. We cannot conclude under these circumstances that appellant's belief, that the gun was incapable of discharging, was a reasonable belief or a belief which could have been held by an ordinary and prudent man in the same circumstances. An ordinary and prudent man who does not know the exact position of three live rounds in the cylinder of a gun and who pulls back on the trigger or hammer of the gun, cannot conceivably believe that the gun is incapable of firing.[1]

1. No evidence was raised which indicated that there was any mechanical defect in the gun,

We, therefore, overrule appellant's first ground of error and hold that the court did not err in not giving the requested charge on mistake of fact.

In his second ground of error, appellant complains of the court's failure to submit an instruction and charge on exculpatory statements. Appellant argues that when the State introduced his confession, the State was bound by an exculpatory statement contained therein and that the jury should have been told that appellant was entitled to an acquittal unless the exculpatory statement had been disproved or shown to be false by other evidence in the case, citing *Otts v. State*, 135 Tex.Cr.R. 28, 116 S.W.2d 1084 (1938). The court in *Otts* set out the law on the requirement for a charge on an exculpatory statement, but held that no such charge was required in that case because the confession introduced by the State contained no exculpatory statements. We hold that no exculpatory statements in the confession of the appellant were introduced by the State in this case.

■ An exculpatory statement is a statement made by a defendant during or subsequent to the commission of the crime which clears or tends to clear the maker from guilt or fault. *Peaden v. State*, 491 S.W.2d 136 (Tex.Crim.App.1973); *Davis v. State*, 474 S.W.2d 466 (Tex.Crim.App.1971); *Moore v. State*, 124 Tex.Cr.R. 97, 60 S.W.2d 453 (1933).

■ Nothing is shown in appellant's confession which would justify or excuse the reckless act of appellant's conscious disregard of the risk that his act of pulling back on the trigger or hammer of a loaded gun would result in the discharge of the weapon pointed in the direction of the deceased and produce the fatal injury to the deceased. The second ground of error is overruled.

■ *In his third ground of error, appellant complains of the trial court's failure to submit his requested jury instruction on*

and we, therefore, do not interpret appellant's complaint to address a defect in the mechanical

accident. Appellant maintains that since the confession introduced by the State in proving its case in chief included appellant's statement that the shooting incident was an "accident," he was entitled to a charge on accident. We disagree. We construe appellant's statement as meaning to convey to the person who took his statement that the shooting of the deceased was unintentional. *See Starling v. State*, 522 S.W.2d 505, 507 (Tex.Cr.App.1975).

The judgment of the trial court is affirmed.

functioning of the pistol.